THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN R. ALDRICH, Defendant.

County Court, Queens County, October 6, 1948.

*Charles P. Sullivan, District Attorney (J. Irwin Shapiro* of counsel), for plaintiff.

*Edward U. Green* for defendant.

Downs, J. This is a motion to increase the sentence of the defendant herein from a minimum of two and a half years to a minimum of five years.

The defendant was convicted on his plea of guilty to attempted robbery in the third degree committed as a second offense. Defendant was sentenced by this court on May 9, 1945, for a term not less than two years six months nor more than five years as a second offender.

The Attorney-General of the State of New York contends the minimum sentence of two and a half years is illegal. This court does not agree with that interpretation of the law.

Section 1941 of the Penal Law, among other things, provides as follows: " * * * then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one-half of the longest term prescribed upon a first conviction, and the maximum of which shall be *not longer than twice such longest term;* provided, however, that the minimum sentence imposed hereunder upon such second or third felony offender shall in no case be less than five years; except that where the maximum punishment for a second or third felony offender hereunder is five years or less, the minimum sentence must be not less than two years." (Italics supplied.)

Now we are confronted with the problem, what do all these words mean? The first part of the above sentence up to the semicolon definitely indicates the minimum shall be one half of the longest term provided upon a first conviction and the maximum of which shall be not longer than twice such longest term. There seems to be little room for doubt about the meaning of these words. They seem to indicate a mandatory minimum of one half the maximum of a first offender, and when it provides that the maximum shall be not longer than twice such longest term doubt begins to linger in the expression.

Under section 2192 of the Penal Law the meaning of the words " for not more than " in their application to the sentence is definitely defined and the statute there specifically provides that the court is authorized to pronounce judgment upon conviction in its discretion " for any time less than that prescribed by the provisions of this chapter."

Applying this section 2192 to section 1941 as a basis for the interpretation of the meaning of the words, it would indicate that there is no statutory maximum established. There is, however, a definite mandatory limitation on the discretion the sentencing judge may use. In my opinion the maximum sentence, therefore, after discretion is exercised is five years and, therefore, permits this court to pronounce a sentence of two and a half to five years.

The second portion of the above-quoted sentence in section 1941 insofar as it states " provided, however, that the minimum sentence imposed hereunder upon such second or third felony offender shall in no case be less than five years;" is meaningless. Can it be assumed that the intent of the Legislature was that this beneficial legislation should help only criminals who had consummated a crime?

A man who committed the crime of abduction, wherein the maximum penalty for a first offender is fixed at ten years, could receive the benefit of this statute and be sentenced for a term of not less than five years or any number of years up to twenty years. A man who committed the crime of attempted abduction could be sentenced as a first offender for a maximum of five years.

A man who is guilty of burglary in the third degree could receive a minimum penalty of ten years as a second offender, and under this beneficial legislation have this reduced to five years. For an attempt to commit burglary third degree the maximum sentence for a first offender or the minimum for a second offender would be five years.

Again, for robbery third degree the maximum for a first offender (Penal Law, § 2129) and the minimum for a second offender could be ten years. For a second offender the minimum could be reduced to five years.

Now, then, in an attempt to commit any one of these crimes the maximum for a first offender would be five years, (Penal Law, § 261, subd. 2) the minimum for a second offender would be five years if the interpretation of the Attorney-General is correct.

Can it be assumed the Legislature intended that where the minimum sentence for an attempt to commit a crime was five years this beneficial legislation was to have no application, and that a man to be benefited by this section must consummate the crime? To me these deductions seem either stupid or indicate that the legislation is thoughtless and, therefore, unconstitutional.

If the contention on this motion of the Attorney-General is correct, only criminals who complete their crimes can receive any benefit from section 1941 of our Penal Law as amended. I cannot see any sense to this.

I consider the sentence pronounced by this court of two and a half to five years is a legal sentence for the reason that the maximum sentence, which is only a discretionary term and not a fixed term, could be five years and, therefore, one half of this as a minimum sentence could be two and a half years.

Where the Legislature intended to fix a maximum mandatory sentence, it did so as in burglary first, robbery first, and murder second degree. In this section 1941 no mandatory maximum is fixed. There is only a limitation on discretion of the sentencing judge.

This court is, therefore, of the opinion that section 1941 in the enactment of the following words, " provided, however, that the minimum sentence imposed hereunder upon such second or third felony offender shall in no case be less than five years;" is unconstitutional because when read in connection with the balance of the section they are meaningless and indefinite. (*People* v. *Estreich*, 272 App. Div. 698.) It is beneficial to one class of criminal and excludes another class of criminal who is really less guilty than the criminal who actually commits the crime, and I say this being thoroughly cognizant of the fact that even though a crime is a felony an attempt to commit that same crime is also a felony.

The motion, therefore, in all respects is denied.

Submit order.